# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2019-CA-00340-SCT

*JACKSON MAC HAIK CDJR, LTD.*

*v.*

*BRENDA HESTER*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/06/2019 |
| TRIAL JUDGE: | HON. EDDIE H. BOWEN |
| TRIAL COURT ATTORNEYS: | RAYMOND PATRICK TULLOS |
| | JOHN RAYMOND TULLOS |
| | CHADWICK MITCHELL WELCH |
| | J. CHASE BRYAN |
| | J. KEVIN WATSON |
| COURT FROM WHICH APPEALED: | SMITH COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHADWICK MITCHELL WELCH |
| ATTORNEY FOR APPELLEE: | RAYMOND PATRICK TULLOS |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND RENDERED - 02/27/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**BEAM, JUSTICE, FOR THE COURT:**

¶1. Mac Haik appeals the circuit court's denial of its motion to compel arbitration. Because this Court finds that the claims fall within the scope of the valid arbitration provision and that no defenses exist to bar arbitration, we reverse the circuit court's order denying Mac Haik's motion to compel arbitration and order the claims to arbitration.

## FACTS AND PROCEDURAL HISTORY

¶2.     On March 23, 2016, plaintiff Brenda Hester purchased a used 2014 Dodge Ram from Jackson Mac Haik CDJR, Ltd. (Mac Haik). Hester executed a retail-installment sale contract with Mac Haik for the purchase of the vehicle. The contract contained an arbitration provision.

¶3.     On July 25, 2017, Hester filed a complaint in the Smith County Circuit Court against Mac Haik, American Financial Warranty Corporation (American Warranty), Randy Miggins d/b/a M&S Towing, and Randy Miggins, alleging that the vehicle she bought from Mac Haik "was defective in materials and workmanship from and after the date of purchase" and "that said defects have existed since the Plaintiff started using said vehicle." She alleged further that American Warranty issued her a warranty but failed to repair her truck. Hester never served American Warranty with a summons and copy of her complaint.

¶4.     Hester alleged that Mac Haik took possession of her vehicle to make warranted repairs and later allowed it to be towed. Mac Haik, finding that all of Hester's claims, which sound in tort or contract and relate to her purchase or condition of the vehicle at issue, argued that the claims were subject to arbitration. On October 3, 2017, Mac Haik filed a motion to compel arbitration to which Hester did not respond. Mac Haik argued that Hester's claims were within the scope of the arbitration clause and that no external constraints applied to bar its enforcement.

¶5.     On January 15, 2019, the circuit judge heard argument on Mac Haik's motion and ruled that he was not going to compel arbitration because (1) Hester's claim, which related to the vehicle she purchased from Mac Haik, fell outside the contract's arbitration provision

2

and (2) Hester had purchased the vehicle from Mac Haik "under duress," making the provision unenforceable. The circuit judge stated,

> There's too many issues here. And you've got a claim outside the arbitration agreement . . . . And from what I gather, [Hester] was under duress to sign it because if she hadn't signed the documents, she wouldn't have gotten the vehicle. [Mac Haik] [was] in a better superior bargaining position than she was, and the contract is printed on a form which the dealership prepared.

¶6. On February 6, 2019, the circuit judge entered an order denying Mac Haik's motion to compel. On February 11, 2019, Mac Haik timely filed its notice of appeal.

## LAW AND ANALYSIS

**I.    Whether the circuit court erred by denying the motion to compel arbitration.**

¶7. "This Court reviews the grant or denial of a motion to compel arbitration de novo." *Sawyers v. Herrin-Gear Chevrolet Co., Inc.*, 26 So. 3d 1026, 1034 (Miss. 2010) (citing *E. Ford, Inc. v. Taylor*, 826 So. 2d 709, 713 (Miss. 2002)). Under the Federal Arbitration Act, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Rogers-Dabbs Chevrolet-Hummer, Inc. v. Blakeney*, 950 So. 2d 170, 173 (Miss. 2007) (internal quotation marks omitted) (quoting 9 U.S.C. § 2 (1947)). Mississippi will "liberally construe agreements with a presumption in favor of arbitration." *Qualcomm Inc. v. Am. Wireless License Grp., LLC*, 980 So. 2d 261, 269 (Miss. 2007) (citing *Terminix Int'l, Inc. v. Rice*, 904 So. 2d 1051, 1054 (Miss. 2004)).

¶8. Mississippi courts generally conduct a two-pronged inquiry in which the first prong takes two considerations into account, so ultimately the three questions to determine the

3

validity of a motion to compel arbitration are as follows: (1) whether the parties agreed to arbitrate, (2) whether the parties' dispute is within the scope of arbitration, and (3) whether any defenses to the validity of the contract exist that would bar arbitration. ***Rogers-Dabbs***, 950 So. 2d at 173 (citing ***E. Ford***, 826 So. 2d at 713).

¶9. This Court first considers whether the parties agreed to arbitrate. Hester's complaint did not allege an invalid contract, rather she alleged that the vehicle was defective. Even after Mac Haik filed its motion to compel arbitration, she did not allege that she did not agree to arbitrate. In fact, she did not even respond to Mac Haik's motion. On appeal, she maintains that her claims fall outside the scope of arbitration, acknowledging her agreement to arbitrate.

¶10. The contract heading stated, "**RETAIL INSTALLMENT SALE CONTRACT - SIMPLE FINANCE CHARGE (WITH ARBITRATION PROVISION)**." On the reverse side of the contract, the arbitration provision stated,

> *[A]ny claim or dispute, whether in contract, tort . . .* or otherwise *including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute,* between you and us . . . which *arises out of or relates to your. . . purchase or condition of this vehicle . . .* or any resulting transaction or relationship . . . shall, at your or our election, be resolved by neutral, binding arbitration.

(Emphasis added.)

¶11. Hester signed underneath the bold-type font disclosing to her that what she was doing was subject to an arbitration clause:

> **You agree to the terms of this contract and any dispute resolution agreement you signed with this contract. You confirm that before you signed this contract and any dispute resolution agreement, we gave them**

4

**to you, and you were free to take them and review them. You acknowledge that you have read both sides of this contract, including the arbitration provision on the reverse side, before signing below. You confirm that you received a completely filled-in copy of these documents when you signed them.**

¶12. It is not disputed that Hester signed the contract and took possession of the vehicle. Hester's signature confirmed that Mac Haik provided her a "dispute resolution agreement," that she was "free to take them and review them," and that she "read both sides of this contract." Therefore, this Court finds sufficient evidence to show that the parties agreed to arbitrate the dispute.

¶13. Second, this Court considers whether Hester's claims fall within the scope of the arbitration provision.[1] Mac Haik contends that the arbitration provision covers "any dispute between you and us related to purchase or condition of this vehicle." Hester's complaint states that the vehicle was defective from the date of purchase. We agree with Mac Haik that the arbitration provision covers such dispute; therefore, Hester's claims are subject to arbitration. The judge erred by ruling that her claims are not subject to arbitration.

¶14. The third consideration for the Court is whether any defenses to the contract exist to bar the applicability of the arbitration agreement. "In considering this prong, courts should apply ordinary state-law contract principles. Defenses such as fraud, duress, and unconscionability may be asserted to invalidate the arbitration agreement without offending

---

[1] We point out here that Mac Haik argues for the first time on appeal that Hester's claims belong in arbitration because the arbitration provision contains a delegation clause, which provides that questions regarding scope or interpretation of the arbitration provision, including arbitrability of the claims, must be decided by an arbitrator. Because this contention was not first raised in the trial court, we find it waived for purposes of this appeal.

5

the FAA." *Greater Canton Ford Mercury, Inc. v. Ables*, 948 So. 2d 417, 423 (Miss. 2007) (citing *E. Ford*, 826 So. 2d at 713-14).

¶15. Again, Hester did not respond to the motion to compel, nor did she assert any defenses to the contract. It was only after the judge *sua sponte* engaged in an exchange with Mac Haik's counsel at the hearing in which he introduced defenses of procedural unconscionability and duress that Hester presented this argument. Hester contends on appeal that she was the weaker party with zero participation in the drafting of the contract and that she was presented with a take-it-or-leave-it contract. This Court does not find that either duress or procedural unconscionability were pleaded or supported by the evidence; therefore, no external constraints bar the applicability of the arbitration agreement.

## CONCLUSION

¶16. The parties entered into a valid arbitration agreement that covers the scope of Hester's claims. Hester did not present any defenses to the contract that would bar the applicability of the arbitration agreement. We reverse and render the circuit court's order denying Mac Haik's motion to compel arbitration.

¶17. **REVERSED AND RENDERED.**

**COLEMAN, MAXWELL, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR. KITCHENS, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY KING, P.J. RANDOLPH, C.J., NOT PARTICIPATING.**

**KITCHENS, PRESIDING JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶18.    I respectfully concur in part and dissent in part. I would affirm in part and reverse in part the trial court's decision that Brenda Hester's claims are outside the scope of the arbitration agreement.

¶19.    Hester's complaint alleged that she purchased a 2014 Dodge Ram vehicle from the Mac Haik dealership on March 23, 2016. Hester averred that, in February 2017, the vehicle "broke down and ceased to operate on Highway 503 in Smith County, Mississippi." She claimed that the warranty company, American Financial Warranty Corporation, and another company, Mastertech, had agreed to repair or replace the vehicle were it found defective. Hester alleged that, shortly after the vehicle failed, she had requested that Mac Haik and the warranty corporation repair the vehicle, but they refused to do so. She averred that she had left the vehicle in Mac Haik's possession for repairs but that Mac Haik had caused it to be towed and stored at a towing company, resulting in a $2,113.25 storage fee charged to her.

¶20.    Mac Haik filed a motion to compel arbitration. The motion cited an arbitration agreement included in the retail installment sale contract signed by Hester when she bought the vehicle, which is quoted here in pertinent part:

> Any claim or dispute, whether in contract or tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our own election, be resolved by neutral, binding arbitration and not by a court action.

¶21.    I would find that Hester's dispute with Mac Haik based on its towing and storing the vehicle is not subject to the arbitration provision. "Under the FAA, this Court must conduct

7

a two-step inquiry: first, whether the parties intended to arbitrate the dispute, and second, if they did intend to arbitrate, 'whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims.'" *Qualcomm Inc. v. Am. Wireless License Grp., LLC*, 980 So. 2d 261, 268 (Miss. 2007) (quoting *E. Ford, Inc. v. Taylor*, 826 So. 2d 709, 713 (Miss. 2002)). Under the first prong, we consider whether a valid arbitration agreement exists and whether the parties' agreement is within its scope. *Scruggs v. Wyatt*, 60 So. 3d 758, 766 (Miss. 2011) (quoting *Greater Canton Ford Mercury, Inc. v. Ables*, 948 So. 2d 417, 421 (Miss. 2007)). Because "[a]rbitration is contractual by nature[,] 'a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *Smith ex rel. Smith v. Captain D's, LLC*, 963 So. 2d 1116, 1119 (Miss. 2007) (quoting *Thomson-CSF, S.A. v. Am. Arbitration Ass'n*, 64 F.3d 773, 776 (2d Cir. 1995)). Although a liberal policy favoring arbitration exists, "such agreements must not be so broadly construed as to encompass claims and parties that were not intended by the original contract." *Id.* (quoting *Thomson-CSF*, 64 F.3d at 776).

¶22.    The arbitration provision was part of a retail installment sale contract that Hester signed when she bought the vehicle. It provided for arbitration of any claim arising out of or relating to the "purchase or condition" of the vehicle. An arbitration agreement, like the one at issue, that employs the "any controversy or claim arising out of or related to" language, is considered to be a broad arbitration agreement. *Id.* (internal quotation marks omitted) (quoting *Smith Barney, Inc. v. Henry*, 775 So. 2d 722, 726 (Miss. 2001). When the arbitration language is broad, any claim that "touch[es]" matters covered by the contract is

8

considered arbitrable. *MS Credit Ctr., Inc. v. Horton*, 926 So. 2d 167, 176 (Miss. 2006) (internal quotation marks omitted) (quoting *Pennzoil Exploration & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1067 (5th Cir. 1998)).

¶23. Although Hester's arbitration agreement with Mac Haik was broad, its coverage nonetheless was restricted to those claims that "touched" Hester's purchase of the vehicle or the condition of the vehicle. Because Hester's complaint alleged that the complained-of defects in the vehicle had existed since she had purchased it, I agree with the majority's finding that her claims related to the vehicle's defective nature were within the scope of the arbitration agreement. But Hester also alleged damages caused by Mac Haik's towing of the vehicle after it broke down approximately one year after its purchase. She alleged that, rather than repairing the vehicle after its breakdown, Mac Haik caused it to be towed away, resulting in her incurring storage costs in the amount of $2,113.25. The parties reasonably could not have contemplated that claims arising from towing and storing a vehicle long after its purchase would be subject to an arbitration agreement covering claims arising out of or relating to the purchase or condition of the vehicle. Those claims of Hester's had nothing to do with the purchase of the vehicle or with its condition at the time of purchase. In fact, the trial court specifically found that Hester's claim related to the towing and storage costs "f[ell] outside the arbitration agreement." I would affirm in part the trial court's finding that Hester's claims were outside the scope of the arbitration agreement and remand for a trial on the towing and storage claims.

**KING, P.J., JOINS THIS OPINION.**

9